

# Notice of Service of Process

null / ALL
Transmittal Number: 10565400
Date Processed: 11/21/2012

| | |
|---|---|
| Primary Contact: | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| Copy of transmittal only provided to: | Holley El-Akkad<br>Stacey Davidson<br>Dona Manley<br>Gaither Keener Jr. |
| Entity: | Lowe's Home Centers, Inc.<br>Entity ID Number  2515365 |
| Entity Served: | Lowes Home Centers, Inc. |
| Title of Action: | Kenny Collins vs. Lowes Home Centers, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | Cocke County Circuit Court, Tennessee |
| Case/Reference No: | 32,951-IV |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 11/21/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | N. Craig Strand<br>865-546-7190 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# IN THE CIRCUIT COURT OF COCKE COUNTY, TENNESSEE

KENNY COLLINS )
)
    Plaintiff, )
)
v. ) Docket No.: 32,951 -IV
) Jury
LOWES HOME CENTERS, INC., )
BRAD BALES and JAY )
FREEMAN )
    Defendants. )

## SUMMONS

To defendant: Lowes Home Centers, Inc.
1605 Curtis Bridge Road
Wilkesboro, NC 28697-2231
C/O Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

STATE OF TENNESSEE, COCKE COUNTY
I, Peggy W. Lane, Clerk of the Circuit Court of Cocke County, Tennessee, certify that the foregoing is a true copy of the original bill filed in this cause. Witness my hand and official seal of office on this 13th day of November, 2012.

_Peggy W. Lane_
Circuit Court Clerk

    You are hereby summoned and required to serve upon <u>Craig Strand</u>, plaintiff's attorney, whose address is <u>O'NEIL, PARKER & WILLIAMSON, P.O. 7610 Gleason Drive, Ste. 200, KNOXVILLE, TN, 37919</u>, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. You will file the original with the Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    Issue and tested this 13th day of November, 2012.

_Peggy W. Lane_
Clerk

By: _Kristy L. Pease_
Deputy Clerk

ADA
FOR ASSISTANCE CALL
423-623-8791 EXT 24

## NOTICE

To the defendant(s):

    Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the Court. The list may be filed at any time and may be changed by you thereafter as

necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant <u>Lowes Home Centers, Inc.</u> can be served at the following addresses: <u>through its agent for service C/O Corporation Service Company 2908 Poston Avenue, Nashville, TN 37203-1312</u>.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant, _____ in the following Manner:_____

_____

[ ] failed to serve this summons within 30 days after its issuance because:
_____
_____

_____
Process Server

| | |
|---|---|
| KENNY COLLINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No.: 32,951-IV |
| | ) Jury |
| LOWES HOME CENTERS, INC., | ) |
| BRAD BALES and JAMES | ) |
| FREEMAN | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Kenny Collins ("Mr. Collins"), by and through his counsel of record, and presents the following as his Complaint for relief against the Defendants in the above styled cause under Rule 8 of the Tennessee Rules of Civil Procedure, and states as follows:

### PARTIES

1. The Plaintiff, Kenny Collins, is a resident of Greene County, Tennessee at 212 Sunset Blvd, Greenville, Tennessee 37743 and may be served through the undersigned counsel at 7610 Gleason Drive, Suite 200, Knoxville, Tennessee 37919.

2. The Plaintiff, Kenny Collins, was an employee of Lowes Home Centers, Inc. from March 2005 until November 14, 2011, when he was wrongfully terminated.

3. The Defendant, Lowes Home Centers, Inc., is a North Carolina Corporation, licensed and doing business in the State of Tennessee, County of Cocke at 120 Epley Road, Newport, Tennessee 37821. The Defendant, Lowes Home Centers, Inc.'s, principal address is 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231 and, the Defendant may be served with service of process through its agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

CIRCUIT COURT
FILED

NOV 13 2012

PEGGY W. LANE
CIRCUIT COURT CLERK
Cocke County, TN

STATE OF TENNESSEE, COCKE COUNTY
I, Peggy W. Lane, Clerk of the Circuit Court of Cocke County, Tennessee, certify that the foregoing is a true copy of the original bill filed in this cause. Witness my hand and official seal of office on this 13th day of November, 2012

Case 2:12-cv-00486-PLR-HBG  Document 1-1  Filed 12/21/12  Page 4 of 13  PageID #: 14

4. The Defendant, Brad Bales, is the Regional Human Resource Manager of Lowes Home Centers, Inc. who was responsible for wrongfully terminating Mr. Collins and he resides at 208 Linwood Drive, Richlands, Virginia 24641-3606 to the best of the undersigned's belief and information and can be served through the Tennessee department of State, Division of Business Services, Summons Section, 312 Eighth Avenue North, 6th Floor, William R. Snodgrass Tower, Nashville, Tennessee, 37243.

5. The Defendant, James Freeman, is the District Manager of Loss Prevention at Lowe's Home Center, who was responsible for wrongful terminating Mr. Collins and can be served at 830 Crescent Centre Drive, Suite 200, Franklin, Tennessee 37067.

## JURISDICTION & VENUE

6. Subject Matter Jurisdiction is proper before this Honorable Court under Tenn. Code Ann. § 16-10-101 because this court is a court of general jurisdiction and no statute requires that Plaintiff's causes of action be brought before a specific court.

7. Personal Jurisdiction is proper under Tenn. Code Ann. §§ 20-2-201 & 20-2-223 because Lowes Home Centers, Inc. conducts business inside the State of Tennessee and the wrongful acts involved in this action arose out of conduct inside the State of Tennessee. Furthermore, Defendants Brad Bales, and James Freeman were or are residents of the State of Tennessee based on the best information available.

8. Venue before this Honorable Court is proper under Tenn. Code Ann. § 20-4-101 because the wrongful acts leading to this cause of action arose in Cocke County, Tennessee at the Defendant, Lowes Home Centers, Inc.'s, store, located at 120 Epley Road, Newport, Tennessee 37821.

## FACTS

9. Kenny Collins was hired by Lowes Home Centers, Inc. as a Customer Service Representative on March 2005 at Lowe's Home Centers Greeneville, Tennessee center. At the time of his termination, Mr. Collins was employed as the Manger of Loss Prevention at the Cocke County, Tennessee Lowes Home Center ("Cocke County Lowes"), which is located at 120 Epley Road, Newport, Tennessee 37821.

10. During his 6 years of employment with Lowes Home Centers, Inc., Kenny Collins performed his job duties with Lowes Home Centers, Inc. without any disciplinary action against him. He received good performance reviews from the Defendant, Lowes Home Centers, Inc.

11. On or around October/November 2011, Kenny Collins reported to many supervisory personnel that employees with the Cocke County Lowes were disposing of hazardous waste by pouring it down storm drains behind the store and into the ground after the store had closed. The hazardous materials being dumped included, but were not limited to, gasoline, battery acid, and fertilizer.

12. The Cocke County Lowes has different containers inside a closed storage site inside the store for which employees, including cashiers, are required to dump hazardous materials.

13. Kenny Collins went to his District Loss Prevention Manager, James Freeman and his store manager Jeremy McGuire, and reported that he had seen employees dumping hazardous materials into the storm drain and onto the ground in violation of the Tennessee Safe Drinking Water Act ("TSDWA"), Tenn. Code Ann. § 68-221-701 *et. seq.*, the Tennessee Water Quality Act ("TWQA"), Tenn. Code Ann. § 69-3-101 *et. seq.*, the Occupational Safety and Health Act

("OSHA"), 29 U.S.C. § 651 *et. seq.*, and the Tennessee Occupational Safety and Health Act ("TOSHA"), Tenn. Code Ann. § 50-3-101 *et. seq.*

14. After speaking with the Loss Prevention Manger, James Freeman, Mr. Freeman reported to the Regional Vice President of Loss Prevention, that employees, including cashiers, were dumping hazardous materials into storm drains and onto the ground and not inside the designated containers inside the store.

15. The District Manager of Sales, Paul Thorpe, also became aware of the employees dumping hazardous materials into the storm drains and onto the ground.

16. The Regional Vice-President instructed the Plaintiff, Kenny Collins, to report that employees were dumping hazardous material into storm drains and onto the ground to the Cocke County Lowe's Store Manager, Jeremy McGuire.

17. Kenny Collins reported that employees were dumping hazardous material into storm drains and onto the ground to the Cocke County Store Manager, Jeremy McGuire.

18. The Cocke County Store Manager, Jeremy McGuire, instructed Mr. Collins to investigate the matter and more specifically investigate as to whether employees were continuing to dump hazardous materials inside the storm drains and onto the ground.

19. Kenny Collins, at the request of the Store Manager, Jeremy McGuire, used cameras to observe employees, including cashiers, dumping hazardous materials inside the storm drains and onto the ground.

20. Kenny Collins, at the request of the Store Manager, Jeremy McGuire, interviewed several of the cashiers about their dumping of the hazardous materials inside the storm drains and onto the ground.

21. The employees, including the cashiers, indicated that they had been dumping hazardous materials inside the storm drain and onto the ground this for six (6) months and they had been instructed by the Assistant Manager, Lindsey Gilland, to dump the hazardous materials inside the storm drain and onto the ground.

22. Only a week and a half after reporting these violations and performing his investigation regarding the violations, District Loss Prevention Manager, James Freemen, at the order of Brad Bales, the Regional Human Resources Manager, terminated Kenny Collins' employment on November 14, 2011.

23. The sole and/or substantial reason for Kenny Collins' termination was that he refused to remain silent about illegal activities that violated a clear public policy evidenced by statutes and regulations of the TSDWA, TWQA, OSHA, and TOSHA.

24. Kenny Collins refused to remain silent and otherwise attempted to exercise his statutory rights that evidence public policy by reporting the illegal dumping of hazardous materials to several Lowes Home Centers, Inc.'s supervisors and managers who had authority over him.

25. The statutes and regulations, TSDWA, TWQA, OSHA, and TOSHA, implicate fundamental public policy concerns because these statutes and regulations concern water quality and water safety for the public and not just the safety of the employees at the Cocke County Lowes.

26. Defendants Lowes Home, Inc., Brad Bales and James Freemen did not terminate Kenny Collins for a legitimate non-discriminatory reason because the sole and/or substantial reason for his termination was his refusal to remain silent about the illegal activities of

employees dumping hazardous materials inside storms drains and onto the ground, in violation of the TSDWA, TWQA, OSHA, and TOSHA.

27. Defendants Lowes Home Centers, Inc., Brad Bales and James Freeman acted intentionally because they consciously and desired to engage in the wrongful termination and wrongfully caused the termination of Kenny Collins. Defendants Lowes Home Centers, Inc. and Defendant Paul Thorpe acted recklessly because they were aware of but consciously disregarded the substantial and unjustifiable risk of wrongfully terminating Kenny Collins and such wrongful termination was a gross deviation from the standard of care an ordinary person would exercise under the circumstances.

28. Due to his termination, Kenny Collins has suffered the loss of back pay, lost wages, emotional distress, and other related damages to his wrongful termination.

## COUNT I

## TENNESSEE PUBLIC PROTECTION ACT ("TPPA"), TENN. CODE ANN. § 50-1-304

29. Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman are liable for a violation of the TPPA (also known as the Tennessee Whistleblower's Statute) for the wrongful termination of Kenny Collins on November 14, 2011.

30. Kenny Collins was an employee of Lowes Home Centers, Inc.

31. The TSDWA, TWQA, OSHA, and TOSHA are statutes and regulations that are intended to protect the public health, safety, and welfare because they are intended to maintain safe drinking waters that are free from hazardous materials.

32. Kenny Collins refused to remain silent and otherwise attempted to exercise his statutory rights that evidence public policy by reporting the illegal dumping of hazardous materials to several Lowes Home Centers, Inc.'s supervisors and managers who had authority

over him and the illegal dumping of the hazardous materials inside the storm drain and onto the ground.

33. Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman terminated Kenny Collins solely for refusing to remain silent about the illegal activities in violation of the TSDWA, TWQA, OSHA, and TOSHA.

34. Defendants Lowes Home Centers, Inc., Brad Bales, and James Freemen did not terminate Kenny Collins for a legitimate non-discriminatory reason because the sole and/or substantial reason for his termination was his refusal to remain silent about the illegal activities of employees dumping hazardous materials inside the storms drains and onto the ground, in violation of the TSDWA, TWQA, OSHA, and TOSHA.

35. Based on the above, Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman should be held liable for a violation of the TPPA for back pay, lost wages, and mental anguish they have caused due to his wrongful termination.

36. Under the TPPA, Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman should be held liable for punitive damages due to their intentional and reckless acts in wrongfully terminating Mr. Kenny Collins.

37. Under the TPPA, Defendants Lowes Home Centers, Inc., Brad Bales, and James Freemen should be held liable for all reasonable attorney fees and costs due to their wrongful termination of Mr. Kenny Collins.

38. In addition to vicarious liability, Defendants Lowes Home Centers, Inc., should be directly liable under the TPPA for all damages because it had policies and procedures that caused Kenny Collins' wrongful termination and it ratified and acquiesced in Kenny Collins' wrongful termination.

## COUNT II

## COMMON-LAW RETALIATORY DISCHARGE CLAIM

39. Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman should be held liable under a common-law retaliatory discharge claim for the wrongful termination of Mr. Kenny Collins on November 14, 2011.

40. Kenny Collins was an employee of Lowes Home Centers, Inc.

41. The TSDWA, TWQA, OSHA, and TOSHA are statutes and regulations that are well-defined and established public policy because they are intended to protect the public health, safety, and welfare, because they are intended to maintain safe drinking waters that are free from hazardous materials.

42. Kenny Collins refused to remain silent and otherwise attempted to exercise his statutory rights that evidence public policy by reporting the illegal dumping of hazardous materials to several Lowes Home Centers, Inc.'s supervisors and managers who had authority over him and the illegal dumping of the hazardous materials inside the storm drain and onto the ground.

43. The Defendants wrongful termination of Kenny Collins was solely and/or substantially motivated by Mr. Collins' refusal to remain silent about the illegal activities that violated TSDWA, TWQA, OSHA, and TOSHA.

44. Defendants Lowes Home, Inc., Brad Bales, and James Freeman did not terminate Mr. Kenny Collins for a legitimate non-discriminatory reason because the sole and/or substantial reason for his termination was his refusal to remain silent about the illegal activities of employees dumping hazardous materials inside the storms drains and onto the ground, in violation of the TSDWA, TWQA, OSHA, and TOSHA.

45. Based on the above, Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman should be held liable under a common-law retaliatory discharge claim for back pay, lost wages, and mental anguish they have caused due to his wrongful termination.

46. In addition to being held vicariously liable, Defendants Lowes Home Centers, Inc. should be directly liable for a common-law retaliatory discharge claim because it had policies and procedures that caused Kenny Collins' wrongful termination and it ratified and acquiesced in his wrongful termination.

WHEREFORE, based on the above, the Plaintiff Mr. Kenny Collins prays for the following due to his wrongful termination by the Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman;

1. That service of process be perfected against Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman as permitted and required under the law;

2. That he have a jury of twelve of his peers hear his case;

3. That he be awarded damages in the amount of $400,000 for back pay, lost wages, and his mental anguish caused by the Defendants Lowes Home Centers, Inc. Brad Bales, and James Freeman;

4. That he be awarded punitive damages in the amount of $800,000 for the intentional and/or reckless conduct of the Defendants Lowes Home Centers, Inc., Brad Bales, and James Freeman;

5. That he be awarded all reasonable attorney fees and costs associated with prosecuting this cause of action; and

6. That he be awarded all general and equitable relief that he is entitled to under the law.

RESPECTFULLY SUBMITTED, this 13 day of November 2012.

        O'NEIL, PARKER & WILLIAMSON, PLLC

        *[signature]*
        N. Craig Strand, BPR# 028381
        Jeff R. Thompson, BPR# 020310
        *Attorneys for the Plaintiff*
        7610 Gleason Drive, Suite 200
        Knoxville, TN 37919
        (865) 546-7190 (telephone)
        (865) 546-0789 (facsimile)

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-102.

        O'NEIL, PARKER & WILLIAMSON, PLLC

By:   *[signature]*
     N. Craig Strand, BPR # 028381
     Jeff R. Thompson
     Surety